RESIDENT ADVISORY BOARD et al.

v.

Frank L. RIZZO et al.

Robert McQUILKEN et al.

v.

A & R DEVELOPMENT CORP. et al.

Civ. A. Nos. 71–1575, 81–0419.

United States District Court,
E. D. Pennsylvania.

Sept. 25, 1981.

Jonathan M. Stein, Harold R. Berk, Community Legal Services, Philadelphia, Pa., for Resident Advisory Bd.

Alan J. Davis, City Sol., Mark A. Aronchick, First Deputy City Sol., Philadelphia, Pa., for City of Philadelphia.

Harold Cramer, Arthur W. Lefco, Philadelphia, Pa., for Philadelphia Housing Authority.

Peter F. Vaira, Jr., U. S. Atty., Walter T. Batty, Jr., Asst. U. S. Atty., Philadelphia, Pa., for Housing and Urban Development.

Peter A. Galante, Philadelphia, Pa., for Redevelopment Authority.

Joseph M. Gindhart, Philadelphia, Pa., for Whitman Council, formerly Whitman Area Improvement Council.

Richard S. Meyer, Stephen J. Harmelin, Thomas J. Bender, Jr., Philadelphia, Pa., for Jolly Const. Co. and A & R Development, Inc.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This Court entered an order on April 10, 1981 limiting construction activities on the south portion of the Whitman construction site until the completion of tests on foundation piles driven on the south lot. These tests have been completed and this Court will revise its order retaining, however, the

precautionary limitation that activity on the site shall not exceed the seismological limits which this Court found would enable construction to proceed without endangering the people in the area or the properties in the vicinity of the construction site.

On April 10, 1981, this Court, sua sponte, entered the order limiting the scope of construction activities at the Whitman site in order to ensure the safety of surrounding homes and families. A & R Development Corporation and Jolly Company, Inc. ("contractors"), on August 17, 1981, requested this Court to modify that portion of its April 10th order which limited construction on the south portion of the Whitman site to load testing and pile extraction activities. The modified order which the Court will enter today will permit the resumption of construction activity on the south side within the seismological constraints the Court found would enable construction to proceed without endangering the people in the area or the properties in the vicinity of the Whitman site.

■ On November 5, 1976, this Court ordered the construction of the Whitman Park townhouses. As pointed out in the Court's memoranda of April 1, 1980 and April 10, 1981, a Court has broad equitable powers to order an effective remedy and to ensure its implementation. *Hills v. Gautreux*, 425 U.S. 284, 293–94, 96 S.Ct. 1538, 1544, 47 L.Ed.2d 792 (1976); *Swann v. Charlotte-Mecklenberg Board of Education*, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971). There is no question that this Court has inherent powers to protect and effectuate its prior judgment. *Cooper v. Aaron*, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958); *Brown v. Board of Education*, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083 (1955); *United States v. State of Washington*, 459 F.Supp. 1020, 1115 (D.Wash.1978); *Accord, United States v. Swift & Company*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932); *Systems Operations, Inc. v. Scientific Games Development Corporation*, 414 F.Supp. 750, 765 (D.N.J.1976).

In its April 10, 1981 order the Court enjoined the contractors "until further order of this Court" from any activity on the south portion of the construction site except such activity as was necessary to test the piles which were previously driven by Multicon with the understanding that engineering studies would proceed in order to determine whether or not it would be necessary to extract some or all of those piles, to drive additional piling, or to provide, in some other manner, an adequate foundation for the townhouses to be constructed on the south portion of the Whitman site. The tests have been completed and construction is now ready to proceed on the south portion pursuant to the recommendations contained in the reports of the experts which have been submitted to the Court.

■ Whitman Council, Inc. et al., defendant-intervenors in *Resident Advisory Board et al. v. Rizzo et al.*, C.A. No. 71–1575 and McQuilken et al., *plaintiffs in McQuilken v. A & R Development Corp. et al.*, C.A. No. 81–0419, have requested an evidentiary hearing in connection with this modification of the April 10th order. If this was the first time it was being alleged that construction activity on the south portion of the site will damage surrounding homes, the Court, in all probability, would hold such a hearing. However, this is not the case. In fact, an evidentiary hearing concerning these same allegations was held at the request of plaintiffs McQuilken et al. in March 1981. The hearing came to an abrupt end, however, when plaintiffs, after presenting testimony, suddenly stated that they were withdrawing their motion for injunctive relief. Thereafter, pursuant to its equitable powers and based upon the evidence submitted, the Court determined that construction activities generating vibration levels not exceeding a maximum peak particle velocity of 0.8 inches per second at the west fence line would not endanger the surrounding homes or families and entered the April 10th order. The modification of that order does not require additional factual findings. Instead the order which the Court will enter today adheres to the seismological guidelines established by the Court's prior findings of fact.

Therefore, this Court will enter an order vacating its order of April 10, 1981 as of 7:00 A.M., September 28, 1981, and permitting construction to proceed on both the north and south portions of the Whitman site, provided that activities on the site shall not generate vibration levels exceeding a maximum peak particle velocity of 0.8 inches per second at the west fence line of the Whitman site. The Court's order will also provide that A & R Development Corp. and Jolly Company, Inc. shall continue to monitor the vibration levels generated by any activity at the Whitman site and in the event the vibration levels generated exceed a maximum peak particle velocity of 0.8 inches per second at the west fence line of the construction site, the activity causing the vibrations in excess of such levels shall be immediately terminated.